**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MYRON PRIEST,** ) | Case No. 1:08 CV 2028 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **STUART HUDSON, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Interim Report and Recommended Decision of Magistrate Judge George Limbert, issued on August 5, 2009 ("R & R") (*ECF No. 9*). The Magistrate Judge recommends that the Court dismiss Grounds One, Three and Four of the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Habeas Petition") filed by Petitioner Myron Priest. The Magistrate Judge further recommends that the Court order the State to produce Officer Bethel's police report in order to adjudicate the merits of Ground Two of the habeas petition. For the following reasons the Court hereby **ADOPTS** the R & R.

On June 7, 2006, Petitioner was charged in the Cuyahoga County Court of Common Pleas with: six counts of rape in violation of O.R.C. § 2907.02, with firearm specifications pursuant to O.R.C. §§ 2941.141 and 2941.145, and sexually violent predator specifications pursuant to O.R.C. § 2971.01 (Counts 1-6); six counts of aggravated robbery in violation of O.R.C. § 2911.01 with firearm specifications pursuant to O.R.C. §§ 2941.141 and

2941.145 (Counts 7-12); one count of felonious assault in violation of § 2903.11 with firearm specifications pursuant to O.R.C. §§ 2941.141 and 2941.145, a sexual motivation specification pursuant to O.R.C. § 2941.147 and a sexually violent predator specification pursuant to O.R.C. § 2971.01 (Count 13); three counts of kidnapping with firearm specifications pursuant to O.R.C. §§ 2941.141 and 2941.145 with a sexual motivation specification pursuant to O.R.C. § 2941.147 and a sexually violent predator specification pursuant to O.R.C. § 2971.01 (Counts 14-16); and one count of having a weapon under a disability in violation of O.R.C. § 2923.17 (Count 17). *ECF No. 5*, Ex. 1.

After proceeding to a jury trial, the trial court, on October 6, 2006, dismissed Counts 11 and 12 pursuant to Ohio Rule of Criminal Procedure 29. *Id*., Ex. 2.  On October 10, 2006, the jury convicted Petitioner on Counts 1-6, 7, 9, 13 and 17; the jury acquitted Petitioner on Counts 8 and 10.  *Id*., Ex. 3 at 883-91.

At a subsequent hearing, the trial court determined that Petitioner was not a sexually violent predator as charged in Counts 1-6 and 13-16.  *Id*., Ex. 5.  Petitioner was then sentenced on November 21, 2006, to a 33-year prison term.  *Id*.  Petitioner received consecutive sentences of ten years for Counts 1 and 2, ten years for Counts 3 and 4, ten years for Counts 5 and 6, and three years for firearm specifications.  *Id*.  Additionally, the trial court also sentenced Petitioner to ten years for Counts 7 and 9, eight years for Count 13 and ten years for Counts 14, 15 and 16, all to be served concurrently with the consecutive sentences.  *Id*.

On March 13, 2007, Petitioner filed a direct appeal to the Ohio Court of Appeals for the Eighth District raising the following assignments of error: 1) the trial court lacked jurisdiction to try Count 17 without a jury because Petitioner did not sign a jury waiver; 2) the

trial court erred in overruling Petitioner's motion to suppress his oral inculpatory statements, in violation of the constitutional right against self-incrimination; 3) the trial court failed to conduct an in-camera inspection of the police report of Officer Bechtel, an officer called to the scene of the crimes for which Petitioner was convicted; 4) counsel was ineffective for failing to object to unfairly prejudicial evidence and improper victim impact testimony; 5) the convictions for rape, aggravated robbery, felonious assault and kidnapping were against the manifest weight of evidence; 6) there was insufficient evidence to prove Petitioner "is likely to engage in the future in one or more sexually oriented offenses"; and 7) the trial court failed to find that the sentence was consistent with sentences received by similarly situated offenders. *Id.*, Ex. 6. On November 19, 2007, the Court of Appeals affirmed the trial court on all issues except whether the trial court had jurisdiction to try Petitioner without a jury on Count 17, which was remanded for reconsideration.[1]

Petitioner then appealed to the Supreme Court of Ohio, challenging the trial court's overruling of the motion to suppress his oral inculpatory statements ("Ground One"), the trial court's failure to conduct an in-camera inspection of Office Bechtel's police report ("Ground Two"), counsel's effectiveness ("Ground Three"), and the trial court's failure to find that the sentence was consistent with sentences received by similarly situated offenders ("Ground Four"). *Id.*, Ex. 10. The Supreme Court of Ohio dismissed the appeal on May 12, 2008, as not involving a substantial constitutional question. *Id.*, Ex. 12.

Petitioner filed the instant habeas petition on June 6, 2008, effectively raising the same Grounds One through Four for relief as presented to the Supreme Court of Ohio. *ECF No.*

---

[1] On remand, Count 17 was dismissed upon the prosecution's recommendation.

*1*. Respondent filed a return of writ on February 18, 2009. *ECF No. 5*. Petitioner filed a traverse on May 5, 2009. *ECF No. 8*.

On August 5, 2009, the Magistrate Judge issued the pending R & R recommending that the Court dismiss Grounds One, Three and Four of the habeas petition. *ECF No. 9 at 1*. The Magistrate Judge further recommended that the Court order the State to produce the police report of Officer Bechtel in order to adjudicate the merits of Ground Two. *Id.*

Under the relevant statute:

> Within <u>ten days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). It is now September 15, 2009. Over five weeks have elapsed since the R & R was issued, and neither Petitioner nor the Respondent has filed an objection to the R & R or a request for an extension of time to file an objection.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's comprehensive, well-written R&R and agrees with the Magistrate Judge's conclusions. Accordingly, the Court hereby **ADOPTS** the Interim Report and Recommended Decision of the Magistrate Judge (*ECF No. 9*). The State is hereby **ORDERED** to produce Officer Bechtel's police report, no later than <u>September 25, 2009</u>, in order to adjudicate the merits of Ground Two of the Petition. Grounds One, Three and

Four of the Petition are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     September 15, 2009*
**Dan Aaron Polster**
**United States District Judge**