UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MYRON PRIEST, ) | Case No. 1:08CV2028 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| STUART HUDSON, Warden, ) | **Report and Recommendation** |
| Mansfield Corrections Institution, ) | **of Magistrate Judge** |
| ) | |
| Respondent. ) | |
| ) | |

The instant case is before the Court for consideration of one remaining ground of relief contained in Petitioner Myron Priest's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 15, 2009, the Court issued a Memorandum Opinion and Order dismissing Grounds One, Three, and Four of the instant petition. ECF Dkt. #10. The Court also ordered Respondent to produce a police report authored by Officer John Bechtel so that the Court could determine whether a constitutional violation resulted from the trial court's failure to conduct an in camera inspection of the document as required by Ohio evidentiary law. *Id.* Again, Ground Two is as follows:

> **GROUND TWO:** Failure to conduct an in camera inspection.
>
> **Supporting Facts:** The trial court erred to appellant's prejudice in violation of the Sixth and Fourteenth Amendment (sic) to the United States (sic) and Article I Section 10 and 16 of the Ohio Constitution when it failed to conduct an in camera inspection of the officer's observations.

ECF Dkt. #1.

On September 23, 2009, Respondent docketed a copy of the police report. ECF Dkt. #11.[1] Upon review of Officer Bechtel's report the undersigned recommends that the Court dismiss Ground Two due to a lack of merit. As the Court previously stated by adopting the interim report and recommendation, in considering a claim based upon an error of state law, the Court must determine if an error of evidentiary law occurred and if it resulted in prejudice using the standard followed in the Sixth Circuit. *See* ECF Dkt. #9 at 18-19.

The Sixth Circuit has held that a state court error must be egregious to merit habeas relief: "[t]rial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo,* 365 F.3d 487, 494 (6th Cir. 2004). The Sixth Circuit articulated the appropriate standard for making the foregoing determination:

> The Supreme Court looks to several factors in determining whether a defendant's due process rights require the admission of a particular item of evidence. First, the Court considers the extent to which the proffered evidence is "critical" in the context of the case. Second, the Court considers the extent to which the proffered evidence "tend[s] to exculpate" the accused. Finally, the Court determines whether the proffered evidence bears "persuasive assurances of trustworthiness[.]"

*Turpin v. Kassulke*, 26 F.3d 1392, 1396 (6th Cir. 1994) (internal citations omitted). Since adjudication of Ground Two requires consideration of Ohio law, the undersigned offers a brief review of Ohio law pertaining to the discovery of witness statements.

Ohio Criminal Rule 16(B)(1)(g) pertains only to witness statements:

> Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of ***the witness' written or recorded statement*** with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the

---

[1] The undersigned initially recommended that Officer Bechtel's report be produced for an **in camera** inspection, and the Court adopted the interim report and recommendation. ECF Dkt. ##9, 10. Such an order requires the evidence to be submitted privately, outside of the public domain. *See Black's Law Dictionary* (8th Ed. 2004) ("**in camera inspection.** A trial judge's ***private consideration*** of evidence.") (first emphasis original, second emphasis added). However, Respondent filed the report on the publically accessible docket. ECF Dkt. #11. The undersigned recommends that the Court order the report to be sealed due to the sensitive nature of its contents. *See Id.*

> testimony of such witness and the prior statement.

Ohio Crim. R. 16(B)(1)(g) (emphasis added). The Supreme Court of Ohio has held that police reports are discoverable in Ohio as a witness' written statement to the extent that the report reflects an officer's personal observations. *See State v. Jenkins*, 473 N.E.2d 264, 315-16 (Ohio 1984). The *Jenkins* court stated:

> **Clearly, a signed written statement of a state witness would serve the purpose of Crim.R. 16(B)(1)(g) and fall within the plain meaning of the word "statement," just as would a recording of the witness' words or a transcription thereof. We see no reason why the mere fact that the document was a report of a police officer would automatically bar its disclosure.** When it is doubtful whether any discoverable statement exists, the court, on motion of the defendant, shall conduct a hearing on the issue of disclosure held in camera with both attorneys present and participating. *State v. Daniels* (1982), 1 Ohio St.3d 69, 437 N.E.2d 1186. *See*, *also*, *Palermo v. United States* (1959), 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287; *Fortenberry v. State* (1975), 55 Ala.App. 1, 312 So.2d 573; *State v. Johnson* (1978), 62 Ohio App.2d 31, 403 N.E.2d 1003 [16 O.O.3d 74].
>
> This is not to say that all portions of a police report are discoverable under Crim.R. 16(B)(1)(g). Reading this section in pari materia with Crim.R. 16(B)(2), it becomes apparent that those portions of a testifying police officer's signed report concerning his observations and recollection of the events are "statements" within the meaning of Crim.R. 16(B)(1)(g). **Those portions which recite matters beyond the witness' personal observations, such as notes regarding another witness' statement or the officer's investigative decisions, interpretations and interpolations, are privileged and excluded from discovery under Crim.R. 16(B)(2)**. Cf. *State v. Houston* (Iowa 1973), 209 N.W.2d 42, 46. **Hence, once it is determined that a report in which a producible out-of-court statement of the witness being examined exists, the trial court, on motion of the defendant, must afford attorneys for all parties the opportunity to inspect the "statement" portions personally.** *State v. Daniels*, *supra*, 1 Ohio St.3d at 70-71, 437 N.E.2d 1186.

*Jenkins,* 473 N.E.2d at 315-16 (footnote omitted) (emphasis added). Since the *Jenkins* court drew a distinction between an officer's personal observations and information gained from other sources, it appears that an in camera inspection of the report must be conducted to determine to what extent, if any, the report reflects an officer's personal observations. Further, in *State v. Spraggins*, the Eight District Ohio Court of Appeals held that portions of police reports containing an officer's personal observations are discoverable, but summations of investigations are not:

> A defendant is entitled to a Crim.R. 16(B)(1)(g) in camera inspection of a witness' prior written or recorded statement if it is requested after the direct examination of that witness, but before the completion of cross-examination. However, **reports or notes taken by a police officer during an interview with a victim or witness in a case are not considered a statement for the purposes of Crim.R. 16(B)(1)(g). Police reports may be considered statements in this context only where the document contains the author's own observations and recollection of the events.** If evidence is not

> generally discoverable under Crim.R. 16(B)(2), it will not be available for use under Crim.R. 16(B)(1)(g); for example, those portions of a police report which contain officers' notes regarding witnesses' statements, officers' investigative decisions, interpretations and interpolations are excluded from discovery under Crim.R. 16(B)(2).

Cuyahoga App. No. 87256, 2006-Ohio-5739, 2006 WL 3095736 at ¶ 16 (Ohio App. 8th Dist. Nov. 2, 2006), unreported (emphasis added).

Upon review of Officer Bechtel's report, the undersigned recommends that the Court find that the failure of the trial court to conduct an in camera inspection did not prejudice Petitioner. The majority of the report consists of witness statement summaries, which are investigatory in nature and not discoverable under Ohio law. Since there was no evidentiary error, let alone an egregious error, Petitioner's claim should fail to the extent that it is based on an alleged misapplication of state law for nondisclosure of the document. Further, the portions of the report detailing witness interviews cannot support a Confrontation Clause claim because they are not prior statements by Officer Bechtel, and as such are not a basis for impeaching him.

While most of the report was not discoverable under Ohio law, some of the statements may have been discoverable because they recounted his personal observations. The second paragraph of the report indicates some very limited details about the crime scene, and in the last two paragraphs, the report indicates how the evidence was collected from the scene.

In the case at bar, however, the Court should maintain confidence in the outcome despite the failure to disclose these portions of the police report because it is highly unlikely that the result of the trial would have been any different if the evidence had been presented. The victims testified at trial and identified Petitioner (Tr. at 485-86, 624-25, 683-84); DNA evidence demonstrated that two of the victims had sex with the same individual in a short period of time; DNA evidence from the third victim contained a sperm profile consistent with Petitioner and the expected frequency of such profile is 1: 120, 600, 000, 000, 000, 000, 000; and the victims described a handgun that Petitioner used during the rapes that was consistent with a handgun that Petitioner possessed on an earlier occasion. In addition to the amount of inculpatory evidence presented at trial, none of the evidence in Officer Bechtel's report is exculpatory in nature. *See Turpin*, 26 F.3d at1396 (a federal habeas court should consider the exculpatory nature of wrongfully excluded evidence in determining if a

due process violation has occurred).  In light of the overwhelming evidence against Petitioner and the lack of exculpatory evidence in the police report, it is unlikely that the discoverable portions of the police report would have changed the outcome of the trial.  Accordingly, to the extent Petitioner's claim is based upon an alleged violation of due process, his claim lacks merit and should be dismissed with prejudice.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS Ground Two of the instant petition with prejudice.

DATE: October 6, 2009                              *s/ George J. Limbert*
                                                   GEORGE J. LIMBERT
                                                   UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).