UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MYRON PRIEST,** | ) | Case No. 1:08 CV 2028 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **STUART HUDSON, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court are Petitioner Myron Priest's Motion For Relief From Judgement (***Doc. #18***) and Objections to the October 7, 2009 Report and Recommended Decision ("R&R") of Magistrate Judge George Limbert (***Doc. #17***). For the following reasons, Petitioner's Motion for Relief from Judgement is **GRANTED**, Petitioner's Objections to the R&R are **OVERRULED** and Ground Two of the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Habeas Petition") is **DISMISSED WITH PREJUDICE**.

**I.**

On October 7, 2009, the Magistrate Judge recommended dismissal of Ground Two of the Habeas Petition, which argued that the trial court violated the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution, by not permitting an *in camera* inspection of a police report drafted by Officer

Bechtel.[1] The Magistrate Judge concluded that the lack of an *in camera* inspection of the police report did not prejudice Petitioner because the report contained very little that was discoverable, that which was discoverable was not exculpatory and because the weight of all other evidence easily convicted Petitioner. *Doc. #12* at 4-5.

On October 19, 2009, Petitioner moved for an extension to file objections to the R&R. *Doc. #13*. On October 20, 2009 the Court, at its discretion, granted Petitioner until November 23, 2009, to file objections. *Doc. #14*. As Petitioner had not filed an objection to the R & R and had not requested another extension to file an objection, the Court adopted the R & R and dismissed the Habeas Petition with prejudice on November 25, 2009. *Doc. #15*.

On December 7, 2009, Petitioner filed the instant Motion for Relief from Judgment along with his Objections to the R&R. *Docs. #17, 18*. So that Petitioner's objections may be considered by the Court, Petitioner's Motion for Relief is **GRANTED** and the Court hereby withdraws its November 25, 2009 adoption of the R&R and consequent dismissal with prejudice.

**II.**

The Court has reviewed Petitioner's Objections to the R &R and hereby **OVERRULES** the Objections. As discussed in the R&R, in order to merit habeas relief a trial court's procedural or evidentiary error must "render[ ] the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004); *Doc. #12* at 2. Petitioner's objections do not sufficiently address how

---

[1] The Court previously adopted the Magistrate Judge's Interim Report and Recommended Decision that Grounds One, Three and Four of the habeas petition be denied. *Doc# 10*.

the failure to conduct an *in camera* inspection of a police report, most of which was not discoverable and none of which was exculpatory, caused prejudice such that the proceeding was fundamentally unfair. The Court agrees with the Magistrate Judge's conclusion that the evidence against Petitioner was so "overwhelming" that the outcome of the trial definitely would not have been altered by an *in camera* inspection of Officer Bechtel's police report.[2] *See Doc. # 12* at 4-5. Accordingly, the Court hereby **RE-ADOPTS** the Report and Recommended Decision of the Magistrate Judge (*Doc. #12*). Ground Two of the Petition is hereby **DISMISSED WITH PREJUDICE**. Additionally, the Court **ORDERS** that Officer Bechtel's police report, *Doc. #11*, be sealed due to the sensitive information contained within.

      **IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     December 9, 2009*
**Dan Aaron Polster**
**United States District Judge**

---

[2]Among the evidence weighing against Petitioner was the testimony of the three victims who all identified Petitioner as the perpetrator, DNA evidence, and the identification of a handgun owned by Petitioner and used in the crime.